STATE OF NORTH CAROLINA v. RODNEY ALONZO YOUNG

No. 8312SC312

(Filed 20 December 1983)

**Criminal Law § 85.2— character evidence—opinion testimony—specific acts**

    The trial court erred in permitting the prosecution to ask a character witness his opinion as to defendant's reputation for truthfulness and honesty and in permitting the witness to testify about specific acts of the defendant.

APPEAL by defendant from *Britt, Samuel E., Judge.* Judgment entered 18 November 1982 in Superior Court, CUMBERLAND County. Heard in the Court of Appeals 16 November 1983.

In June, 1982, the Audio Barn in Fayetteville was entered through a window, the glass of which had been knocked out by a brick, and various articles were stolen. A trail of blood from the shattered windowpane led police to the home of Rinaldo Taylor, who had several of the stolen articles. Taylor implicated the defendant, a 17-year-old high school student, and so testified at trial; defendant and his parents testified he did not leave home the night of the crime and witnesses as to his character testified for both defendant and the State in rebuttal. Defendant was convicted of breaking or entering and larceny, and was sentenced to prison for three years.

*Attorney General Edmisten, by Special Deputy Attorney General Daniel C. Oakley, for the State.*

*Beaver, Holt & Richardson, by William O. Richardson, for defendant appellant.*

PHILLIPS, Judge.

Since no physical evidence tied defendant to the crime and he denied being involved, the case largely hinged on the credibility of the defendant and that of his alleged accomplice, Rinaldo Taylor. To bolster defendant's credit with the jury, a neighbor lady of standing, who had followed him closely since he was a child, testified that his reputation in the community where he lived was good and he was well regarded for his industry, good behavior and reliability. In rebuttal, the State undertook to show

that defendant had a bad reputation, and the way that was done requires that defendant be given a new trial.

The State's character witness was the principal of the high school defendant attended. After the witness affirmatively answered the foundation question, testifying thereby that he knew the defendant's general character and reputation "as it exists around Westover Senior High School," instead of asking him what that reputation was, the State, in an apparent attempt to elicit information about specific misdeeds, began questioning him about how his knowledge was acquired. The questions were not clearly phrased, however, and after the witness either failed to answer at all, or did so unresponsively, the trial judge intervened as follows:

> Court: Based upon your knowledge of him in the school and the environment of the school do you have an opinion satisfactory to yourself as to the character and reputation in that environment?
>
> A. Yes, I do.
>
> Court: All right. Now, what is it, good, bad, indifferent or what would it be if you have such an opinion?
>
> A. My opinion is that—
>
> Ms. Best: Objection and move to strike.
>
> Court: Denied. What is his character and reputation in the school where he goes?
>
> A. Rodney Young has exhibited on several occasion—
>
> Court: —I didn't ask you that. The objection is sustained.

Upon the questioning being resumed by the State, the following occurred (in between overruled objections and motions to strike):

> [Q.] Doctor Shipp, based on your familiarity with Rodney do you have an opinion as to his reputation for truthfulness and honesty within the school community?
>
> A. Yes.
>
> . . . .

Q. What is that opinion as to his reputation within the school community for truthfulness and honesty.

A. Rodney does not tell the truth often to the administration and to me personally.

Though the words "the administration" were stricken from the last answer, the rest of the testimony was also inadmissible for several reasons. First, without considering whether it was appropriate under the circumstances for His Honor to undertake to facilitate the presentation of the State's case, the course embarked upon by the court and thereafter followed by the State was certainly incorrect. A witness's opinion about the character of another is inadmissible under our law, and questions calling for such an opinion should not have been either submitted or permitted by the court. As innumerable decisions of this Court and our Supreme Court attest, the only approved manner for getting such testimony into evidence is for a knowledgeable witness to testify as to the subject's reputation in the community. *State v. Denny,* 294 N.C. 294, 240 S.E. 2d 437 (1978); *Johnson v. Massengill,* 280 N.C. 376, 186 S.E. 2d 168 (1972). Second, the follow-up questions by the State were doubly improper—first because they repeated the opinion error, and second because they asked the witness on direct examination about specific traits of character, which our law does not permit. *State v. McCormick,* 298 N.C. 788, 259 S.E. 2d 880 (1979). Finally, the last answer should have been stricken in its entirety for still another reason. Despite the latitude that the form of the question improperly permitted, the answer was not responsive—the opinion of the witness was not stated, about anything; nor was defendant's reputation for truthfulness and honesty mentioned. Instead, the answer was only about *specific acts* of the defendant, which character witnesses are not permitted to present during direct examination. 1 Brandis N.C. Evidence § 110 (2d rev. ed. 1982).

That the evidence involved was prejudicial to defendant is too plain for debate. In the setting that existed it could not have been otherwise.

New trial.

Judges WEBB and WHICHARD concur.